UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
UNITED STATES OF AMERICA
                                          :
        - v.-                                                08 Cr. 009 (AKH)
                                          :
BENJAMIN VIALIZ,
                                          :
                Defendant.
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## <u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York,
Attorney for the United States
of America

AMANDA KRAMER
NEIL BAROFSKY
Assistant United States Attorneys
        - Of Counsel -

## TABLE OF CONTENTS

REQUEST                                                                                          PAGE

1:      General Requests . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2:      Summary Of The Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3:      Count One: Possession Of A Firearm By A Convicted Felon -
        Purpose Of The Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4:      Count One: Possession Of A Firearm By A Convicted Felon -
        Elements Of The Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5:      Count One: Possession of A Firearm By A Convicted Felon -
        First Element -- Defendant's Prior Conviction . . . . . . . . . . . . . . . . . . . . . . . . . 6

6:      Count One: Possession Of A Firearm By A Convicted Felon -
        Second Element -- "Knowingly Possessed" . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7:      Count One: Possession Of A Firearm By A Convicted Felon -
        Third Element -- "In Or Affecting Interstate or Foreign Commerce" . . . . . . . . 10

8:      Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9:      Particular Investigative Techniques Not Required [If Applicable] . . . . . . . . . . . . . . . 12

10:     Use Of Evidence Obtained At Time Of Arrest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

11:     Defendant's Testimony - [Requested Only If Defendant Testifies] . . . . . . . . . . . . . . 14

12:     Defendant's Right Not To Testify [If Requested By Defense] . . . . . . . . . . . . . . . . . . 15

13:     Admission of Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

14:     Expert Testimony [If Applicable] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

15:     Stipulations [If Applicable] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

16:     Preparation Of Witnesses [If Applicable] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

17:     Uncalled Witness - Equally Available to Both Sides [If Applicable] . . . . . . . . . . . . . 20

18:     Variance in Dates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

i

19:    Persons Not On Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

20:    Character Testimony [If Applicable] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

21:    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
UNITED STATES OF AMERICA
                                                          :
         - v.-                                                   08 Cr. 009 (AKH)
                                                          :
BENJAMIN VIALIZ,
                                                          :
                   Defendant.
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### <u>GOVERNMENT'S PROPOSED REQUESTS TO CHARGE</u>

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests that the Court include the following in its instructions to the Jury.

## REQUEST NO. 1

### General Requests

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury

b.    Indictment not Evidence

c.    Statements of Court and Counsel not Evidence

d.    Burden of Proof and Presumption of Innocence

e.    Reasonable Doubt

f.    Government Treated Like Any Other Party

g.    Definitions and Examples of Direct and Circumstantial Evidence

h.    Credibility of Witnesses

i.    Interest in Outcome

j.    Inferences

k.    Right to See Exhibits and Have Testimony Read During Deliberations

l.    Sympathy:  Oath as Jurors

m.    Punishment Is Not to Be Considered by the Jury

n.    Verdict of Guilt or Innocence Must be Unanimous

m.    Jury's Recollection Controls

## REQUEST NO. 2

### Summary Of The Indictment

The defendant, BENJAMIN VIALIZ, is charged in a one-count Indictment. Count One of the Indictment charges that on or about October 30, 2007, BENJAMIN VIALIZ, after having been convicted in a court of a felony crime, knowingly possessed a firearm that previously had been shipped and transported in interstate commerce. As I instructed you earlier, the Indictment is a charge or accusation. It is not evidence.

## REQUEST NO. 3

### Count One: Possession Of A Firearm By A Convicted Felon - Purpose Of The Statute

Count One of the Indictment charges the defendant BENJAMIN VIALIZ with a violation of one of the federal firearms statutes. A word about the law in general. Congress was of the view that the ease with which persons, including criminals, were able to acquire firearms was a significant factor in the prevalence of violent crime in the United States, and that federal control over gun dealers and the restriction of the distribution of firearms would be helpful to state and local authorities in addressing this problem.

Accordingly, it passed a series of laws designed to give support to federal, state and local law enforcement officials in combating crime and violence.

In general, these laws include provisions which prohibit certain categories of people from possessing or receiving firearms and/or ammunition which were shipped in interstate or foreign commerce.

The Government contends that BENJAMIN VIALIZ was within the class of people prohibited from possessing any firearm shipped in interstate or foreign commerce because he previously had been convicted of a felony, that is, a crime punishable by more than a year in jail.

In your role as jurors, you are not to be concerned with the wisdom or the policy of these laws. Your verdict may not be based on your personal approval or disapproval of these laws or of Congress's views or intent.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-46,

3

and the charge of Hon. Edward Weinfeld in <u>United States v.</u>
<u>Squires,</u> 69 Cr. 911 (S.D.N.Y. 1969).

## REQUEST NO. 4

**Count One: Possession Of A Firearm By A Convicted Felon -
Elements Of The Offense**

In order to sustain its burden of proof on Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

<u>First</u>, that the defendant BENJAMIN VIALIZ previously was convicted of a crime punishable by imprisonment for a term exceeding one year, or in other words, a felony;

<u>Second</u>, that on or about October 30, 2007, BENJAMIN VIALIZ knowingly possessed the firearm as charged; and

<u>Third</u>, that the defendant's possession of the firearm was in or affecting interstate or foreign commerce.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-47, and the charge of Hon. Kevin T. Duffy in <u>United States v. Ogarro</u>, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in <u>United States v. Burnett</u>, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

5

## REQUEST NO. 5

### Count One: Possession of A Firearm By A Convicted Felon -
### First Element -- Defendant's Prior Conviction

The first element the Government must prove beyond a reasonable doubt is that the defendant, BENJAMIN VIALIZ, had been convicted of a crime punishable by imprisonment for a term exceeding one year, i.e., a felony, in a court of the United States or any State prior to the date he is charged with possessing the firearm.

[*If Applicable*: In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the defendant was convicted in a New York State court of a felony punishable by imprisonment for a term exceeding one year. It has also been stipulated that this conviction occurred prior to the time that the defendant is alleged to have possessed the firearm as charged in the Indictment.]

To satisfy the first element, you need only find beyond a reasonable doubt that BENJAMIN VIALIZ was, in fact, convicted of the felony crime and that the conviction was prior to the possession of the firearm as charged in the Indictment. The Government need not prove that the defendant knew that his prior conviction was punishable by a term of imprisonment for a term exceeding one year, nor is it necessary for the defendant to have been sentenced to imprisonment for more than one year.

I instruct you that the prior conviction that is an element of the offense is only to be considered by you for the fact that it exists and nothing else. You are not to consider it for any other purpose. [*If Stipulation*: You are not to speculate what the prior conviction was for.] You may not consider the prior conviction in deciding whether the

6

defendant was in knowing possession of the firearm as charged in the Indictment.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-48,
> and the charge of Hon. Kevin T. Duffy in <u>United States v. Ogarro</u>,
> 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin
> T. Duffy in <u>United States v. Burnett</u>, 92 Cr. 731 (S.D.N.Y. March
> 17, 1993).

<u>REQUEST NO. 6</u>

**Count One: Possession Of A Firearm By A Convicted Felon -**
**<u>Second Element -- "Knowingly Possessed"</u>**

The second element that the Government must prove beyond a reasonable

doubt is that on or about October 30, 2007, BENJAMIN VIALIZ knowingly possessed a

firearm.

**"Firearm" Defined**

A firearm is any device that will, or is designed to, or may be readily

converted to, expel a projectile by the action of an explosive, or the frame or receiver of

any such weapon.  Common sense will tell you that a gun meets the statutory definition of

a firearm.

It does not matter whether the gun was operable at the time the defendant

possessed it.

<u>See</u> 18 U.S.C. § 921(a)(3)(A).

**"Possession" Defined**

What is meant by possession?  The word "possess" means to have

something within your control.  It does not necessarily mean that you must physically have

the object in your hand.  As long as that object is knowingly within a person's actual

control, he or she possesses it.  If you find that the defendant had the firearm on his person

or in his hand, therefore, you may find that he had possession of it.

**"Knowingly" Defined**

You must also find that the defendant <u>knowingly</u> possessed the firearm.

8

This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the firearm was a "firearm," as we commonly use that term. However, the Government is not required to prove that the defendant knew he was breaking the law. It is sufficient if the defendant knowingly possessed the firearm voluntarily, not by accident or mistake.

> Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 35-49, and the charge of Hon. Kevin T. Duffy in <u>United</u> <u>States</u> v. <u>Ogarro</u>, 92 Cr. 114 (S.D.N.Y. June 12, 1992) and the charge of Hon. Kevin T. Duffy in <u>United</u> <u>States</u> v. <u>Burnett</u>, 92 Cr. 731 (S.D.N.Y. March 17, 1993).

## REQUEST NO. 7

### Count One: Possession Of A Firearm By A Convicted Felon -
### Third Element -- "In Or Affecting Interstate or Foreign Commerce"

The third element that the Government must prove beyond a reasonable doubt is that the firearm that BENJAMIN VIALIZ is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time prior to the defendant's possession, the firearm had traveled in interstate or foreign commerce. In this regard, it is sufficient for the Government to satisfy this element by proving that at some time prior to October 30, 2007, the firearm moved over a state line or across the United States border. For example, if the firearm came from Connecticut to New York, or from California to New York, then it was transported or shipped in interstate commerce.

The Government need <u>not</u> prove that the defendant himself carried the firearm across a state line or the United States border, nor must the Government prove who carried it across or how it was transported. It is also not necessary for the Government to prove that the defendant knew that the firearm had previously crossed a state or national border.

[***If Applicable***: In this regard, you have heard evidence in the form of a stipulation, or agreement by both sides, that the firearm that BENJAMIN VIALIZ is charged with possessing was in or affecting interstate or foreign commerce.]

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-50. <u>See</u> <u>United States v. Sanders</u>, 35 F.3d 61, 62 (2d Cir.), <u>cert. denied</u>, 513 U.S. 994 (1994).

10

## REQUEST NO. 8

### Venue

In addition to all of the elements I have described for you, you must also decide whether the crime charged, or any act committed to further or promote the crime, occurred within the Southern District of New York.  In this connection, I instruct you that all of the Bronx is in the Southern District of New York.

I should note that on this issue — and this issue alone — the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged, or any act in furtherance of the crime, occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement by a preponderance of the evidence, then you must acquit the defendant of the charge.

> Adapted from the charge of the Honorable Charles S. Haight, Jr. in United States v. Rogers, 90 Cr. 377 (CSH) (S.D.N.Y. 1991) (wire fraud), and from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11; see 18 U.S.C. § 3237 (general venue provision for offenses committed in more than one district). See also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

11

## REQUEST NO. 9

### Particular Investigative Techniques Not Required
### [If Applicable]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement that the Government prove its case through any particular means. While you are to consider carefully the evidence adduced by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from the charge of Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992), and from the charge of Hon. John F. Keenan in United States v. Medina, 912 Cr. 894 (JFK) (S.D.N.Y. 1992).

12

## REQUEST NO. 10

### Use Of Evidence Obtained At Time Of Arrest

You have heard testimony that the police apprehended the defendant, and that the police seized evidence at that time. The evidence allegedly obtained at this time was properly admitted in this case and may properly be considered by you. Whether you approve or disapprove of how it was obtained should not enter into your deliberations.

Therefore, regardless of your personal opinions, you may give this evidence full consideration, along with all the other evidence in the case, in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Adapted from the charges of Hon. Pierre N. Leval in United States v. Ogando, 90 Cr. 469 (PNL) (S.D.N.Y. 1991), aff'd, 968 F.2d 146 (2d Cir. 1992) and in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

## **REQUEST NO. 11**

### **Defendant's Testimony**
### **[Requested Only If Defendant Testifies]**

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.

In this case, BENJAMIN VIALIZ did testify and was subject to cross-examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.

Approved in United States v. Brutus, 505 F. 3d 80, 88 & n.7 (2d Cir. 2007) (rejecting instructions stating that a defendant's interest in the outcome of a case gives him a motive to testify falsely).

14

## **REQUEST NO. 12**

### **Defendant's Right Not To Testify**
### **[If Requested By Defense]**

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand et al., Modern Federal Jury Instructions, Instr. 5-21.

15

## REQUEST NO. 13

### Admission of Defendant

There has been evidence that the defendant made a statement to law enforcement authorities upon or after his arrest.

Evidence of this statement was properly admitted in this case, and may be properly considered by you. I instruct you that you are to give the statement such weight as you feel it deserves in light of all the evidence.

Whether you approve or disapprove of the use of this statement may not enter your deliberations. I instruct you that the statement was both made and obtained in a lawful manner, and that no one's rights were violated and that the government's use of this evidence is entirely lawful.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-19 and – with respect to the third paragraph – the charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

16

## REQUEST NO. 14

### Expert Testimony
### [If Applicable]

During the course of the trial, you have heard testimony from an expert witness. Expert witnesses are witnesses who by education or experience have acquired learning or experience in a specialized area of knowledge.  Although a witness is generally permitted to testify only to facts and not to express his or her opinions, the law permits the opinions of qualified experts as to relevant matters in which they profess to have specialized knowledge and give their reasons for their testimony or opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness's testimony merely because he or she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.


Adapted from Sand Modern Federal Jury Instructions, Instr. 7-21.

17

## REQUEST NO. 15

### Stipulations
### [If Applicable]


In this case you have heard evidence in the form of one or more stipulations of testimony.  A stipulation is an agreement among the parties that a certain fact is true.  In such cases, you must accept such facts as true.


Adapted from the charge of Judge Pierre N. Leval in <u>United States v. Mucciante</u>, 91 Cr. 403 (S.D.N.Y. 1992), and from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 5-6, 5-7.

## REQUEST NO. 16

## Preparation Of Witnesses
### [If Applicable]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Charge of Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999).

19

**REQUEST NO. 17**

**Uncalled Witness –Equally Available to Both Sides**
**[If Applicable]**

There are people whose names you heard during the course of the trial but did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

20

## REQUEST NO. 18

### Variance in Dates

As we have proceeded through the Indictment, you have noticed that it refers to various dates. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.

Adapted from the charged of Judge Edward Weinfeld in United States v. Della Rocca, 72 Cr. 217 (S.D.N.Y. 1972), and from the charge of Judge Charles Metzner in United States v. Koss, aff'd, 506 F.2d 1103 (2d Cir. 1974).

## REQUEST NO. 19

### Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the

Government or the defendant, from the fact that any person in addition to the defendants is not

on trial here.  You also may not speculate as to the reasons why other persons are not on trial.

Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from Judge Henry R. Werker's charge in United States v. Barnes, S 77 Cr. 190 (Nov. 29, 1977), aff'd,604 F.2d 121 (2d Cir. 1979).  United States v. McGrath, 78 Cr. 315 (Dec. 19, 1978), aff'd, 613 F.2d 361 (2d Cir. 1979).

**REQUEST NO. 20**

**Character Testimony**
**[If Applicable]**

You have heard testimony that the defendant has a good reputation for honesty and truthfulness in the community where he lives and works.

Along with all the other evidence you have heard, you may take into consideration what you believe about the defendant's honesty and truthfulness when you decide whether the Government has proven, beyond a reasonable doubt, that he committed the crime charged.

> Adapted from the charge in United States v. Pujana-Mena, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).
>
> A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. See United States v. Pujana-Mena, supra, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit noted that, "it might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime. In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." Id. at 30 (citations omitted).

### REQUEST NO. 21

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the sole charge of the indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

24

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Honorable Arnold Bauman in <u>United States v. Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).  <u>See also</u> <u>United States v. Corr</u>, 75 Cr. 803, Tr. 5425-26 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:        New York, New York
              August 5, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                              of America

        By:   _____
                              AMANDA KRAMER
                              NEIL BAROFSKY
                              Assistant United States Attorneys
                              (212) 637-2478/2333